UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE BENJAMIN RODGERS,<br><br>        Plaintiff,<br><br>    v.<br><br>SHEARER, et al.,<br><br>        Defendants. | Case No. 24-cv-00379-VC<br><br>**ORDER OF SERVICE** |

      Kyle Rodgers, a detainee at Santa Cruz County Jail proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officers at the jail. The original complaint was dismissed with leave to amend. Rodgers only presented general allegations that jail officials were providing dangerous hygiene items that contained a cancer-causing chemical and food that was not fit for human consumption. The court dismissed the claims for Rodgers to provide more information. Rodgers timely filed an amended complaint. Rodgers also filed a second case with the same allegations but against different defendants. *See Rodgers v. Keefe Commissary Network Sales*, Case No. 24-1998 VC. The court dismissed the second case as duplicative and provided Rodgers with an opportunity to file a second amended complaint in this case, containing all the claims and defendants. Rodgers did not file a second amended complaint; therefore, the court will review the amended complaint.

## DISCUSSION

**I.    Standard of Review**

      A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or

(3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.     Rodgers' Allegations

Rodgers' amended complaint alleges that the jail is forcing detainees to use shampoo that contains a chemical called Cocamide DEA. According to the amended complaint, Cocamide DEA is "known" to cause cancer. This allegation appears to stem from the fact that under California's Proposition 65, a voter-enacted measure that requires warning labels on certain products, Cocamide DEA must come with a warning label. Rodgers also alleges that the product, as provided to the jail inmates, does not contain the warning label mandated by Proposition 65. Rodgers alleges that he informed jail officials of this concern, but that the company that supplies the shampoo provided documents that contradict his assertion that the product is unsafe.

## III.    Analysis

"Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018). When a pretrial detainee challenges conditions of his confinement, the proper

2

inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).

Viewing Rodgers' allegations in the most favorable possible light, and accounting for the fact that he is detained in jail and representing himself, the court will not dismiss the amended complaint at this time. The amended complaint will be served on the defendants. However, it bears noting that there are some potentially serious issues with the amended complaint. While the allegations are sufficient to pass initial screening, it is not entirely clear that he has stated a claim.

It appears that Cocamide DEA has been classified as a "possible carcinogen" by the International Agency for Research on Cancer (IARC). And it appears that the Cocamide DEA is listed under Proposition 65 as a "known" carcinogen solely because the IARC has classified it as a "possible carcinogen." This could be a problem, because not every substance classified by the IARC as a "possible carcinogen" is actually "known" to cause cancer. Thus, there is at least a possibility that Rodgers has not adequately alleged that Cocamide DEA causes cancer—especially in the amounts contained in the shampoo the jail allegedly makes him use. Indeed, it appears—based on Rodgers' allegations—that the Food and Drug Administration permits small amounts of Cocamide DEA in hygiene products, which may further call into question whether Rodgers has adequately alleged that the shampoo provided by the jail causes cancer. Moreover, to the extent that Proposition 65 requires products to be labeled as "known" to cause cancer merely because the IARC has classified Cocamide DEA as a "possible carcinogen," this would not merely be inaccurate. It would likely be First Amendment violation as well. *See The Personal Care Products Council v. Bonta*, 2024 WL 3011001, at *8-9 (E.D. Cal. June 12, 2024).

The defendants are instructed to transmit this order to the attorneys who represented the defendants in the *Personal Care Products* case. And if the defendants in this case are of the view that the allegations in the amended complaint are inadequate, they may file a motion to dismiss.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1. The clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the amended complaint (Dkt. No. 15) with attachments and copies of this order on Santa Cruz County Sheriff Jim Hart and Chief Daniel Fretias and Lieutenant Chris Shearer at Santa Cruz County Main Jail.

2. The following briefing schedule shall govern dispositive motions in this action:

   a. If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date of service. If the defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendants believe this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Rodgers.

   At the time the dispositive motion is served, the defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

   b. Rodgers' opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendants no later than twenty-eight days after the date on which the defendants' motion is filed.

   Before filing his opposition, Rodgers is advised to read the notice that will be provided to

4

him by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Rodgers is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Rodgers will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. The defendants shall file a reply brief no later than fourteen days after the date Rodgers' opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

3. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

4. All communications by Rodgers with the court must be served on the defendants, or the defendants' counsel once counsel has been designated, by mailing a true copy of the document to the defendants or counsel.

5. It is Rodgers' responsibility to prosecute this case. Rodgers must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: 7/9/2024

_____
VINCE CHHABRIA
United States District Judge